ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| JAPHET TORO OLIVIERI<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500211 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: CDO-238-24<br><br>Sobre: Ley 85 Penal de Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante *nos*, Japhet Toro Olivieri (peticionario), quien se encuentra confinado en el Centro de Detención del Oeste y recurre por derecho propio. En su escrito, la parte peticionaria nos expresa que su recurso es para dejar saber a este Tribunal que agotó todos los recursos dentro de la institución sobre la Ley Núm. 85 y nos solicita que tomemos "cartas en el asunto" para que se pueden resolver las discrepancias en su hoja de liquidación de sentencia.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

**I.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024). Véase, además, *Pueblo v. Torres Medina*, 211 DPR

950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares v. Sagastivelza,*

71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra; González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86 (2011). Véase, además, *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

**B. Perfeccionamiento del recurso de revisión**

El perfeccionamiento del recurso de revisión está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

Contenido del recurso de revisión

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para

presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365 (2005), la necesidad de discutir y fundamentar los

errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro local reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". *Íd.*

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

## C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

En lo pertinente, la Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que este foro podrá *motu proprio,* en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137 (2008). Así, el incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera,* 197 DPR 636 (2017). Por lo tanto, conforme ha resuelto nuestro máximo Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti, supra.*

Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998). Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

En el caso de epígrafe, el escrito presentado no es revisable. El peticionario incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, el peticionario incumplió con el Reglamento del Tribunal de Apelaciones, al no incluir el dictamen objeto del presente recurso, un señalamiento de error breve y conciso de los errores que a su juicio cometió el foro primario. Tampoco realizó una relación fiel y concisa de los hechos

procesales y de los hechos importantes y pertinentes del caso. Asimismo, el peticionario no incluyó una discusión basada en fundamentos de hecho y derecho cuestionando una determinación por parte de la Agencia. Incluso, en su escrito el peticionario acepta que no tiene un hogar viable que pueda ser aceptado por la Junta de Libertad Bajo Palabra.

En fin, la ausencia del dictamen que se pretende recurrir, de un señalamiento de error breve y conciso, de una relación fiel de los hechos procesales, de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de la disposición legal aplicable, nos privan de jurisdicción para atender el recurso.

**IV.**

Por los fundamentos antes expuesto, se *desestima* el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente con voto escrito.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

| JAPHET TORO OLIVIERI<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500211 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: CDO-238-24<br><br>Sobre: Ley 85 Penal de Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

**VOTO DISIDENTE DE LA JUEZA GRACE M. GRANA MARTÍNEZ**

Ciertamente, el recurso presentado adolece de un señalamiento de error estrictamente perfeccionado como establece el Reglamento de este Tribunal. La regla 59 establece, entre otros que: [e]l escrito de revisión contendrá: …(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida. (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables… 4 LPRA (C)(1)(e) y (f).

Aunque en otro contexto, me parecen pertinente las expresiones del Tribunal Supremo de Puerto Rico en Álamo Romero v. Adm. de Corrección, 175 DPR 314, 322 (2009). "No podemos resolver el planteamiento del Estado en abstracción de la realidad de los reclusos que litigan sus causas por derecho propio. Por el contrario, debemos atender el llamado de la Ley de la Judicatura a que seamos sensibles a la realidad de los distintos componentes de nuestra sociedad. Exposición de Motivos, Ley de la Judicatura de 2003, Ley núm. 201 de 22 de agosto de 2003, 2003 Leyes de Puerto Rico pág.

972. El artículo 1.002(a) de dicho estatuto dispone que la Rama Judicial será "accesible a la ciudadanía; prestará servicios de manera equitativa, sensible y con un enfoque humanista". 4 L.P.R.A. sec. 24a."

De hecho, no todo incumplimiento con los requisitos de forma para perfeccionar el recurso amerita la desestimación de éste. *Gran Vista I v. Gutiérrez y Otros*, 170 DPR 174, 187 (2007). Así, se nos ha pedido que al resolver controversias sobre incumplimiento con disposiciones de nuestro reglamento seamos flexibles en la aplicación de este cuando se trata de un mero requisito de forma de menor importancia. Id.

A mi entender, si bien el recurso es uno escueto que, no cumple con el rigor reglamentario, se trata de normas procesales que, aunque cumplen la función de organizar y simplificar la función adjudicativa, en esta ocasión, no impiden que conozca lo que el recurrente solicita. Tomando en consideración el recurso y su apéndice, concluyo que solicita que revisemos la Hoja de Liquidación de la sentencia que extingue sosteniendo que en la aplicación de la Ley 85-2022 el Departamento de Corrección alteró la manera en que cumple su sentencia afectando los beneficios que puede recibir y exponiéndole a cumplir dos veces la misma pena.

En definitiva, hubiese atendido el recurso en los méritos razón por la cual disiento.

En San Juan, Puerto Rico, a 30 de abril de 2025.

GRACE M. GRANA MARTÍNEZ
Jueza de Apelaciones